JS 44 (Rev 02/19) MMB

# CIVIL COVER SHEET

19-4568

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Smith, Annette, individually, on behalf of all others similarly situated and as class representative

**DEFENDANTS**
Kindest Care Healthcare, LLC

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan A. Bernstein/Meenan & Associates, LLC/299 Broadway, Suite 1310/New York, NY 10007/(212) 371-0033

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 864 SSID Title XVI | |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

OCT - 3 2019

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**29 USC Sec. 201**
Brief description of cause:
**Failure to pay overtime premium pay**

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

**DATE:** October 3, 2019
**SIGNATURE OF ATTORNEY OF RECORD:** /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Annette Smith | : | CIVIL ACTION |
| v. | : | |
| Kindest Care Healthcare, LLC | : | NO. 19-4568 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)



| October 3, 2019 | Jonathan A Bernstein | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 212 226-7334 | 212 226 7716 | jb@meenanesqs.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT - 3 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 8502 Agusta Street, Philadelphia, PA 19152

Address of Defendant: 8400 Bustleton Ave #2, Philadelphia, PA 19152

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 3, 2019                        *Attorney-at-Law / Pro Se Plaintiff*               325422
                                                                                                 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [X] All other Federal Question Cases (Please specify) FLSA

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability -- Asbestos
9. [ ] All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jonathan A Bernstein, counsel of record or pro se plaintiff, do hereby certify       OCT - 3 2019

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: October 3, 2019                        *Attorney-at-Law / Pro Se Plaintiff*                325422
                                                                                                  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANNETTE SMITH,

individually, on behalf of all others similarly
situated and as class representative,

                              Plaintiff,

- against -

KINDEST CARE HEALTHCARE, LLC,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

19 Civ. 4568

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff Annette Smith ("Smith"), individually, on behalf of all others similarly situated, and as class representative, by their attorneys, Meenan & Associates, LLC and The Law Office of Christopher Q. Davis, complains of defendant, Kindest Care Healthcare LLC ("Kindest Care"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiff complains on behalf of herself and other current and former employees of defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), that she is are owed back wages from defendant for overtime work for which she did not receive overtime premium pay pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Plaintiff also complains on behalf of herself and other current and former employees of defendant that she is owed overtime premium pay under the Pennsylvania Minimum Wage Act, 42 Pa. C. S. §333.101 ("PMWA").

OCT - 3 2019

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because a substantial part of the acts and omissions giving rise to the claims occurred in the Eastern District of Pennsylvania, and because Defendant maintains its principal place of business in the Eastern District of Pennsylvania.

## PARTIES

5. Plaintiff Annette Smith is a natural person who currently resides in the City and County of Philadelphia, Commonwealth of Pennsylvania.

6. At all relevant times, defendant Kindest Care Healthcare, LLC, was in the business of providing home health care services to patients in and around Philadelphia. Upon information and belief, Kindest Care is a foreign limited liability company organized under the laws of the State of New Jersey. It maintains a principal place of business at 8400 Bustleton Avenue in the City and County of Philadelphia, Commonwealth of Pennsylvania.

## ALLEGATIONS RELATED TO THE COLLECTIVE ACTION

7. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 6 of this Complaint as though the same were fully set forth herein.

8. The named plaintiff brings this action on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or

were employed by Defendant as direct care workers or home health aides at any time between October 2, 2016 and the present (the "Collective Action Period").

9. The FLSA Collective consists of approximately one hundred (100) similarly situated employees who, during their employment by and work for Defendant fell into the category of non-exempt, non-managerial employees who were employed as direct care workers or home health aides and did not received overtime premium pay for hours worked in excess of forty (40) per workweek.

10. Defendant's unlawful conduct has been willful, and has caused significant damage to Plaintiff and the FLSA Collective.

11. The FLSA Collective would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. The members of the FLSA collective are known to Defendant and are readily identifiable and locatable through Defendant's records. These similarly situated employees should be notified of and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b).

**ALLEGATIONS RELATED TO THE CLASS ACTION**

12. Plaintiff incorporates by reference each and every allegation of Paragraphs 1 through 11 of this Complaint as though the same were fully set forth herein.

13. Plaintiff brings the claims in this action under the PMWA on behalf of herself and all other similarly situated individuals who currently work or have worked as direct care workers or home health aides for Defendant at any time from October 2, 2016 to the present.

14. Plaintiff brings the PMWL claims as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of:

> All persons who currently work or who have worked as direct care workers or home health aides for Defendant from October 2, 2016 to the present through the entry of judgment in this action (the "Rule 23 Class").

15. The employees in the Class identified above are so numerous that joinder of all members is impracticable.

16. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of defendant, upon information and belief, there are approximately one hundred (100) members of the Class. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative party are typical of the claims of the Class. The representative party will fairly and adequately protect the interests of the Class. Defendant acted and refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

17. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including:

   a. Whether Defendant violated the PMWA and the supporting Pennsylvania Department of Labor & Industry regulations by failing to pay direct care workers or home health aides overtime premium pay;

   b. Whether Defendant has a good faith basis to contest or dispute the wage claims of the Plaintiffs and the Rule 23 class;

4

  c. Whether the Defendant failed and/or refused to pay the Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the PMWA, and whether that failure and/or refusal was willful; and

  d. Whether the members of the class are entitled to affirmative relief.

18. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in wage and hour litigation. There is no conflict between Plaintiff's interests and those of the Rule 23 Class members.

19. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. Defendant provides home care services, including nurses and home health aides, to persons whom because of age or infirmity, are unable to care for themselves in Philadelphia and its suburbs.

21. Defendant was, at all relevant times, and is, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

22. Upon information and belief, Defendant, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

23. From October 2, 2016 to present Defendant has employed approximately one hundred (100) direct care workers or home health aides.

24. Plaintiff worked for Defendant from approximately October 28, 2018 until approximately June 14, 2019.

25. During that time, she was paid $11.00 per hour for substantially all hours worked. On occasion, she was paid a weekend rate of $11.50 per hour.

26. Pay records issued by Defendant to Plaintiff show that she worked up to 119 hours during a two-week period.

27. Plaintiff's and her similarly situated co-workers' job duties and responsibilities included the performance of health and companionship services in the private homes of defendant's clients.

28. Plaintiff and her similarly situated co-workers regularly work and/or worked in excess of forty (40) hours in the workweek. However, Plaintiff and her co-workers were and/or are not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

29. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 28 of this Complaint.

30. Plaintiff and her similarly situated co-workers frequently worked over forty hours in a workweek.

31. Although Plaintiff and her similarly situated co-workers worked over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

6

32. Plaintiff and her similarly situated co-workers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*.

33. Defendant's actions were willful.

## COUNT II
## VIOLATIONS OF THE PENNSYLVANIA MINIMUM WAGE ACT

34. Plaintiff incorporates by reference each and every allegation made in paragraphs 1 through 33 of this Complaint.

35. During the course of their employment with Defendant, Plaintiff and the Rule 23 Class Members were Employees within the meaning of the PMWA, 42 Pa. C. S. §333.101

36. Defendant is an employer within the meaning of the PMWA.

37. Plaintiff and the Rule 23 Class Members are parties to whom overtime wages are owed.

38. Defendant failed to comply with the maximum hours provisions of the PMWA by failing to pay Plaintiff and the Rule 23 Class Members time and one-half of their regular rate for hours worked in excess of forty (40) hours per week.

39. The PMWA requires an employer to pay employees for all "Hours Worked."

40. Defendant's actions were willful, as they should have known of the PMWA's requirements.

41. Defendant's failures violated the wage and overtime provisions of the PMWA.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

1. Certifying this action as a class action pursuant to Fed. R. Civ. Pro. 23 on behalf of the members of the Class, and appointing Plaintiff and her counsel to represent the Class;

2. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

3. Directing Defendant to pay overtime premium pay to Plaintiff, such persons as may opt in to this action and members of the class;

4. Directing defendant to pay liquidated damages under the FLSA to plaintiff and such persons as may opt into this action;

5. Directing defendant to pay wages due under the PMWA to Plaintiff and the members of the Rule 23 Class;

6. Directing defendant to pay pre-judgment interest to Plaintiff, members of the Rule 23 Class and such persons as may opt in to this action;

7. Granting a permanent injunction enjoining Defendant and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiff, members of the class and such persons as may opt in to this action as secured by the PMWA;

9. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

10. Granting such other and further relief as this Court deems necessary and proper.

8

## **JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Dated: New York, New York
       October 3, 2019

                                              MEENAN & ASSOCIATES, LLC
                                              Co-Counsel for Plaintiffs

                                              By: _____
                                              Jonathan A. Bernstein
                                              Bar ID No. 325422
                                              299 Broadway, Suite 1310
                                              New York, New York 10007
                                              (212) 226-7334
                                              jb@meenanesqs.com

                                              LAW OFFICES OF CHRISTOPHER Q.
                                              DAVIS
                                              Co-Counsel for Plaintiffs

                                              By: __/s/_____
                                              Christopher Q. Davis

                                              *Pro Hac Vice* Admission Pending
                                              80 Broad Street, Suite 703
                                              New York, NY 10004
                                              (646) 430-7930